**Rashpal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–72858, 04–75230.

Agency No. A75–306–345.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2006.*

Decided June 30, 2006.

---

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Margaret Taylor, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before RYMER and T.G. NELSON, Circuit Judges, and KING,** District Judge.

MEMORANDUM ***

Rashpal Singh, a native and citizen of India, petitions for review of a decision of the Bureau of Immigration Appeals (BIA) denying his application for asylum, 8 U.S.C. § 1158(a); withholding of removal, 8 U.S.C. § 1231(b)(3); and relief under the Convention Against Torture (CAT), 23

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

I.L.M. 1027, 1028 (1984) (as implemented by 8 C.F.R. § 208.16). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

"Where, as here, the BIA affirms the IJ's decision without issuing an opinion, the IJ's decision becomes the BIA's decision." *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004) (citations omitted). The IJ denied Singh's application, making an adverse credibility determination based upon Singh's demeanor and at least nine identified inconsistencies.

Review of the BIA's decision is for substantial evidence and the standard of review is highly deferential for demeanor evaluations. *See, e.g., Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) ("We give 'special deference' to a credibility determination that is based on demeanor") (citation omitted); *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005) ("We accord special deference to an IJ's credibility determination, and will only exercise our power to grant a petition for review when the evidence 'compel[s] a contrary conclusion.' ") (citing *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003)) (brackets in original).

At least two of the identified inconsistencies go to the heart of the asylum question. *See, e.g., Singh (Rajinder) v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006) ("the reason identified [for an adverse credibility finding] must 'strike at the heart of the claim' for asylum") (citation omitted). "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [Singh's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003). That rule applies here.

In particular, Singh's testimony regarding the Indian marriage certificate goes to the heart of a fundamental element of the asylum application—Singh's identity. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th

Cir.2003). Similarly, the inconsistencies regarding the letter from Harminder Gill, and discrepancies regarding whether Singh was a student at Khalsa College, go directly to an asylum requirement—whether Singh was persecuted because of his political opinion. Although Singh did not have to be a college student, if Singh's account changes regarding whether he was a college student at a critical time, it supports the IJ's disbelief of Singh. Such testimony could be viewed as an attempt to "enhance [Singh's] claims of persecution" and thus have bearing on credibility. *Kaur,* 418 F.3d at 1064 (quoting *Damaize–Job v. INS,* 787 F.2d 1332, 1337 (9th Cir. 1986)).

Further, the IJ's demeanor findings are adequately supported by specific and cogent reasons, and were not speculative or based on conjecture. *See Kaur v. Ashcroft,* 379 F.3d 876, 884 & 887 (9th Cir. 2004) (requiring "specific and cogent" reasons to support an adverse credibility finding, and rejecting unsupported "speculation and conjecture") (citations omitted). Given the record, a reasonable fact finder would not be *"compelled* to conclude that [Singh's] claim is credible." *Singh–Kaur,* 183 F.3d at 1153 (emphasis added).

Because Singh failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Singh also failed to establish eligibility for CAT relief. The country condition reports in the record support the finding that it was not more likely than not that Singh would be tortured if returned to India. *See Singh (Jatinder Pal) v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

PETITION FOR REVIEW DENIED.